```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
WILLIE ACEVEDO,                                          For Online Publication Only

                        Plaintiff,
                                                         ORDER
          -against-                                      18-CV-06140 (JMA)(AKT)

DETECTIVE CHARLES L. ROSS, Shield #1497;
DETECTIVE JOHN DOE #1, U.S. MARSHALL
JOHN DOE #2,

                        Defendants.
----------------------------------------------------------------------------X
```
**AZRACK, United States District Judge:**

On October 23, 2018, incarcerated *pro se* plaintiff Willie Acevedo ("plaintiff") filed a complaint in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 1983 ("Section 1983") against Detective Charles L. Ross, Shield #1497 ("Det. Ross"), and two unidentified individuals named as "Detective John Doe #1" and "US Marshall John Doe #2," alleging deprivation of his constitutional rights. (ECF No. 1.) By Transfer Order dated October 26, 2018 (ECF No. 2), the complaint was transferred to this Court, and, on November 2, 2018, was assigned to the undersigned. Plaintiff did not remit the filing fee at the time he filed the complaint, nor did he file an application to proceed *in forma pauperis*. Accordingly, by Notice of Deficiency dated November 5, 2018, plaintiff was notified that, for his claims to proceed, he must, within fourteen (14) days, remit the filing fee or file an application to proceed *in forma pauperis* together with the required Prisoner Litigation Authorization Form ("PLRA"). (ECF No. 5.) On November 19, 2018, plaintiff timely filed an application to proceed *in forma pauperis* together with the PLRA. (ECF No. 7.) For the reasons that follow, the Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1).

## I. BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's brief, handwritten complaint seeks to challenge his September 9, 2016 arrest and purports to allege, *inter alia*, false arrest and excessive force claims. (Compl. at 1-2.) The first page of plaintiff's complaint includes a "summary" that alleges defendants "used excessive force, police misconduct and unreasonable search and seizure against me. My 1st, 4th, 5th, 6th, 8th, and 14th Amendment rights were violated. My due process rights were violated based upon biased opinion and false information." (Id. at 1.)

As part of his "statement of facts," plaintiff claims that he was asked to accompany Det. Ross, John Doe #1 and John Doe #2 from his place of employment to the Suffolk County Third Police Precinct and, although he felt "disturbed" and "pressured" to go, he agreed. (Id. at 2.) Plaintiff alleges that he was "frisked, cuffed, and seated in the rear of an unmarked car" and was informed by Det. Ross that "it was a safety precaution for the driver." (Id.) Once at the Third Precinct, plaintiff claims that he was taken into a room for questioning and the handcuffs were removed. (Id. at 3.) Plaintiff alleges that, because his "conscience was clear," he "waived [his] rights to have a lawyer present" and answered questions posed to him by Det. Ross. According to the complaint, plaintiff was questioned about a claim made by his then-fiancée concerning sex abuse of her then-five-year-old daughter and, when the questions concluded, Det. Ross presented him with a statement Det. Ross wrote during the questioning. (Id.) Plaintiff claims that the statement was inaccurate and that he objected to the statement. Plaintiff then asked to leave and was instead handcuffed and placed under arrest. (Id.)

Plaintiff has annexed to the complaint a copy of the arrest report which reflects that plaintiff was arrested on September 9, 2016 and was charged with, *inter alia*, violation of N.Y. Penal Law § 130.65(3), a class D felony of sex abuse in the first degree of a person less than eleven years old. (Id. at 5.) The details of the offense reflect that, on September 2, 2016, defendant "intentionally touched the vagina (coo-coo) of a 5 year old female with his hand" and that the victim was the daughter of plaintiff's then-fiancée. (Id. at 5, 7-8.) Plaintiff does not allege whether he was convicted of these charges. Plaintiff has also annexed to the complaint a copy of a written statement, dated October 19, 2016, by his then-fiancée wherein she indicates that she now believes her daughter was mistaken concerning her accusation against the plaintiff and that she does not want to continue to pursue the charges nor will she testify against him. (Id. at 7.)[1] For relief, plaintiff seeks to recover "monetary damages of $12,000,000.00." (Id. at 10.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious,

---

[1] In accordance with the E-Government Act, access to the complaint has been restricted because the minor child's name is included in the annexed exhibit.

3

(ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.**     **Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or

4

> usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

1. **Excessive Force Claims**

The Fourth Amendment, which regulates and prohibits "unreasonable seizures" governs an excessive force claim by a person, like plaintiff, who has been arrested and has not yet become a pretrial detainee. Graham v. Connor, 490 U.S. 387, 397 (1989). "The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of

effecting an arrest." Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (quoting Graham, 490 U.S. at 388). "Excessive force claims require 'serious or harmful' - - not 'de minimis' - - use of force." Biswas v. City of New York, 973 F. Supp.2d 504, 529 (S.D.N.Y. 2012) (quoting Drummond v. Castro, 522 F. Supp. 2d 667, 678-79 (S.D.N.Y. 2007) (internal quotation marks and citations omitted)). In assessing the sufficiency of a claim for excessive force based on handcuffing, a court "should consider evidence that: '1) the handcuffs were unreasonably tight; 2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists.'" Id. (quoting Matthews v. City of New York, 889 F. Supp. 2d 418, 441-42 (E.D.N.Y. 2012)).

Here, plaintiff does not make allegations showing that arresting officers used any significant force whatsoever. His assertions that defendants "used excessive force" during the course of his arrest, and that there was "police misconduct" is merely a "label and conclusion," and thus does not allege a plausible excessive force claim. See Twombly, 550 U.S. at 555.[2] Plaintiff's bare allegation that he was handcuffed is insufficient to constitute excessive force that is prohibited by the Fourth Amendment. Moreover, as discussed above, a plausible Section 1983 claim must allege the personal involvement of each defendant. Absent personal involvement, such claims fail as a matter of law. Johnson, 360 F. App'x at 201. Here, plaintiff does not allege that any of the defendants used any physical force against him, other than to handcuff him at the time of his transport to the Third Precinct and upon his arrest. Given the absence of any allegations of conduct attributable to any particular individual relating to the use of excessive force, plaintiff has not alleged a plausible excessive force claim. Accordingly, plaintiff's excessive

---

[2] Plaintiff also briefly mentions the First, Fifth, Sixth, Eighth, and Fourteenth Amendments in his complaint. (Compl. at 1.) However, the complaint does not include any facts to support his bare contention that his rights pursuant to these Constitutional Amendments were violated. Thus, these too are "label[s] and conclusion[s]" that do not allege any plausible claim that plaintiff's Constitutional rights were violated. See Twombly, 550 U.S. at 555.

force claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2. False Arrest and Malicious Prosecution Claims

Affording the *pro se* complaint a liberal construction, it appears that plaintiff also seeks to allege claims of false arrest and malicious prosecution. A Section 1983 false arrest claim "derives from [the] Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause." Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006) (citation omitted); Minott v. Duffy, No. 11-CV-1217, 2014 WL 1386583, at *10 (S.D.N.Y. Apr. 8, 2014) (A plaintiff may bring a Section 1983 claim for false arrest, "resting on the Fourth Amendment right of an individual to be free from unreasonable searches and seizures, including arrest without probable cause"). It is well-established that the existence of probable cause is a complete defense to claims of false arrest and malicious prosecution. Williams v. Town of Greenburgh, 535 F.3d 71, 78 (2d Cir. 2008); Jaegly, 439 F.3d at 152 ("Under New York law, the existence of probable cause is an absolute defense to a false arrest claim.").

Although it is unclear from the complaint whether plaintiff's false arrest claim is asserted under Section 1983 or New York State law, "[a] § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York Law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1994) (internal citations omitted). "[F]alse arrest is a species of false imprisonment . . .. Under New York law, the elements of a false imprisonment claim are (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (quotation marks, brackets, and citations omitted).

7

To state a cognizable Section 1983 malicious prosecution claim against a state actor, a complaint must allege "a violation of [the plaintiff's] rights under the Fourth Amendment," as well as "the elements of a malicious prosecution claim under state law." Manganiello v. City of N.Y., 612 F.3d 149, 160-61 (2d Cir. 2010). Under New York law, to state a claim for malicious prosecution, a plaintiff must allege facts plausibly suggesting the following four elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Id. at 161 (quotation marks omitted).

Here, it is readily apparent that plaintiff has not plausibly alleged false arrest or malicious prosecution claims. First, and most fatal, plaintiff's sparse allegations do not allege the absence of probable cause, the presence of which, as discussed, is a complete defense to false arrest and malicious prosecution claims. Moreover, plaintiff does not establish a plausible claim for false arrest because he fails to claim that his confinement was not otherwise privileged. Regarding malicious prosecution, the complaint is devoid of any facts suggesting that any of the defendants' actions were motivated by actual malice, or that the underlying criminal proceedings terminated in his favor. In fact, wholly absent from the complaint is any information concerning a criminal proceeding initiated against plaintiff. Thus, plaintiff's false arrest and malicious prosecution claims are not plausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**3. State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district

8

court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c); (c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiff's complaint and dismisses any such claims without prejudice.

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. In light of plaintiff's *pro se* status and in an abundance of caution, plaintiff is

9

afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 18-CV-6140(JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against any defendant(s) in the amended complaint. If plaintiff cannot identify the individual(s) he seeks to sue, he may name them as "John Doe" or "Jane Doe" and shall include sufficient information concerning conduct and/or inaction attributable to them as well as any identifying information he may have such that their identities may be ascertained. Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is granted leave to file an amended complaint. Any amended complaint shall be clearly labeled "Amended Complaint," shall bear the same docket number as this order, 18-CV-6140(JMA) (AKT), and shall be filed within thirty (30) days from the date at the bottom of this order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                    /s/ (JMA)
                                                  Joan M. Azrack
Dated:     January 28, 2019            United States District Judge
            Central Islip, New York